1 | Alan Harris (SBN 146079)
HARRIS & RUBLE
2 | 6424 Santa Monica Boulevard
Los Angeles, CA 90038
3 | Tel: 323.962.3777
Fax: 323.962.3004
4 | E-mail: aharris@harrisandruble.com

5 | Attorneys for Plaintiffs

6

7

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | JIM ODIN, KEVIN COPPIN and | Case No. **CV13-05768**-MMM (CEx)
12 | JOHN COOK, individually and on behalf of all others similarly
13 | situated, | **COMPLAINT** [Class and Collective-Action Complaint]

14 |     Plaintiffs, | 1. Section 226(a) and (e) of the California Labor Code, Failure to
15 |     v. | Provide Information on Pay Stubs

16 | SEBASTIAN PARDO, SAMMY BANDINI FILMS, LLC, a | 2. Section 1194.2 of the California Labor Code, Liquidated Damages
17 | California Limited Liability Company, RABBIT BANDINI
18 | FILMS, LLC, a California Limited Liability Company, and Does 1 to | 3. 29 U.S.C. § 216(b), Fair Labor Standards Act
19 | 10 inclusive,

20 |     Defendants. | **DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

1
COMPLAINT

BY:
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
2013 AUG -8 PM 3:55
FILED

COME NOW Plaintiffs, and for their causes of action against Defendants, allege:

## JURISDICTION AND VENUE

1.      This is a civil action seeking restitution, damages and attorneys' fees and costs.

2.      Venue as to Defendants is proper in this judicial district.  Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state-law claims.  There are no grounds that would justify this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367.  See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction).

4.      Pursuant to 29 U.S.C. § 216(b), Plaintiffs also bring this case individually and as a collective action on behalf of similarly situated individuals who have been employed by Defendants.

5.      The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 to 10 inclusive, are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, Plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believes and thereupon alleges that each defendant designated herein as a Doe is responsible, negligently, intentionally, contractually, or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiffs as is hereinafter alleged, either through said defendants' own wrongful conduct or through

the conduct of their agents, servants, employees, representatives, officers or attorneys, or in some other manner.

## PARTIES

6.    Plaintiffs John Cook ("Cook"), Kevin Coppin ("Coppin"), and Jim Odin ("Odin") are individuals, who, during the time periods relevant to this Complaint, were employed in the City and County of Los Angeles, State of California.  In or about March 15, 2013, Defendants SEBASTIAN PARDO, SAMMY BANDINI FILMS, LLC, a California Limited Liability Company, RABBIT BANDINI FILMS, LLC, a California Limited Liability Company, and Does 1 to 10 inclusive, hired Plaintiffs to provide services on the motion picture project.  Exhibit 1 is part of a film permit for the Production, dated March of 2013.  Plaintiffs have not been paid according to law, despite having worked eleven hour days on the project.  Plaintiffs were not paid until June of 2013.

7.    SAMMY BANDINI FILMS, LLC and RABBIT BANDINI FILMS, LLC, were and are California business entities, which at all times relevant herein, conducted business within the County of Los Angeles, State of California.  SAMMY BANDINI FILMS, LLC and RABBIT BANDINI FILMS, LLC were and are the production companies for the Production and they are hereinafter collectively referred to as the Corporate Defendants.

8.    The Individual Defendant Sebastian Pardo is an individual, who, during the time periods relevant to this Complaint, worked in the County of Los Angeles, State of California.  On the Production, the Individual Defendant was the Producer and employed Plaintiffs.  In connection with the Production, the Individual Defendant acted directly as the employer of Plaintiffs and all members of the crew.

## GENERAL ALLEGATIONS

9.    Defendants employed Plaintiffs and other members of the crew on the Production in and about March of 2013.

10.     Plaintiffs were discharged from the Production in or about March of 2013, but were not timely paid for the work they performed for Defendants.

11.     At all relevant times mentioned herein, section 201.5 of the California Labor Code controlled final payment of wages to employees.  Section 201.5 of the California Labor Code provides a discharged employee shall be paid by the next regularly scheduled payday.  The regularly scheduled payday in the motion-picture industry and for the Production was each Thursday.

12.     At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Cal. Lab. Code § 204.  By failing to pay Plaintiffs and members of the crew all wages when due, Defendants violated section 204 of the California Labor Code.

13.     Defendants did not compensate Plaintiffs and members of the crew as required by section 201.5 of the California Labor Code.

14.     At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall

4
COMPLAINT

continue as a penalty form the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Cal. Lab. Code § 203.

15.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Cal. Lab. Code § 1194.

16.    Plaintiffs and crewmembers were not timely paid the minimum wages or overtime to which they were entitled.

17.    At all relevant times mentioned herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Cal. Lab. Code § 226.  Defendants employed Plaintiffs and crewmembers, but failed to provide them with the data required by section 226(a) of the California Labor Code.  For example, Defendants failed to provide a detachable wage statement listing the applicable hourly rates and the total hours worked at each such rate.  All of the foregoing was intentional misconduct of Defendants that injured Plaintiffs insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

    18.    Plaintiffs will amend this Complaint to add a claim under section 2699 of the California Labor Code, the Labor Code Private Attorneys General Act of 2004.  Section 2699 provides in subpart (a) and subparts (f) through (g):

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

> . . . .

> (f) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

> (g) Except as provided in paragraph (2), an aggrieved employee may recover the civil penalty described in subdivision (f) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself

and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part.

Cal. Lab. Code § 2699.

19.    Pursuant to section 2699 of the California Labor Code, Plaintiffs contend that they will be entitled to recover civil penalties on behalf of themselves and other former or current aggrieved employees for Defendants' violations of the California Labor Code and applicable provisions of the Industrial Welfare Commission Wage Order No. 12 ("Wage Order 12"). See generally 8 Cal. Code Regs. § 11120.

20.    At all times relevant herein, section 210 of the California Labor Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Cal. Lab. Code § 210.

21.    Section 1197.1 (a) of the California Labor Code provides:

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the

commission shall be subject to a civil penalty as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

Cal. Lab. Code § 1197.1.

22.    The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, provides, in pertinent part:

Any employer who violates the provisions of section 6 or section 7 of this Act [29 USCS §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.   The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

## FLSA COLLECTIVE-ACTION ALLEGATIONS

23.    In this collective action, Plaintiffs seek to represent all natural persons who were employed by the Defendants on the Production and who were not paid in accordance with the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, within the relevant time period ("Collective Action").

24.    Plaintiffs are similarly situated with the members of the Collective Action in that:

      (a) Plaintiffs and the members of the Collective Action were employed by Defendants;

      (b) Plaintiffs and the members of the Collective Action were not timely compensated for all the hours they worked under the FLSA;

      (c) Defendants knowingly and willfully violated provisions of the FLSA, by not paying Plaintiffs and the members of the Collective Action their wages when due;

      (d) As a result of the Defendants' policy and practice of withholding compensation for all hours worked, including minimum wages and overtime compensation, Plaintiffs and the members of the Collective Action have been similarly damaged.

25.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for liquidated damages and attorneys' fees and costs under the FLSA.

26.    All members of the Collective Action during the relevant time period should be given notice and be allowed to give their consent in writing, i.e. "opt in," the collective action pursuant to 29 U.S.C. § 216 (b).

## FIRST CLAIM FOR RELIEF
(Failure to Provide Information on Pay Stubs, California Labor Code § 226
On Behalf of Plaintiffs Against Corporate Defendants)

27.    Plaintiffs replead, reallege, and incorporate by reference each and every

allegation set forth in the preceding paragraphs of this Complaint.

28.    The Corporate Defendants failed to timely provide Plaintiffs and, on information and belief, the other members of the crew with pay stubs conforming to the requirements of section 226 of the California Labor Code.  For example, the wage statements do not reveal the legal name and address of the employer, as required by law.

29.    Plaintiffs have not received wage statements as required by section 226(a), so obviously, have not been provided the required information delineated in section 226(a).  The Corporate Defendants have knowingly and intentionally failed and refused to provide the required data.  The failure caused Plaintiffs and, on information and belief, other members of the crew injury by depriving them of information to which they are legally entitled and causing confusion and wasted time as a result.

30.    Accordingly, Plaintiffs are entitled to damages in the amount of $50.00 each, or damages in an amount according to proof, and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code section 226 (e).

**SECOND CLAIM FOR RELIEF**
(California Labor Code §§ 1194 and 1194.2)
On Behalf of Plaintiffs Against Corporate Defendants Only)

31.    Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

32.    During their employment by the Corporate Defendants on the Production, Plaintiffs and the other members of the Crew worked many hours without timely compensation for the work they performed, as required by law.  The Corporate Defendants have failed to pay Plaintiffs and the other members of the Crew their minimum wages as required by section 1194 of the California Labor Code.

33.    Plaintiffs are entitled to recover their minimum wages, liquidated damages, attorneys' fees, and costs of suit under sections 1194 and 1194.2 of the California Labor Code, in an amount according to proof, at least $88 each in liquidated damages.

## THIRD CLAIM FOR RELIEF

(Fair Labor Standards Act, 29 U.S.C. § 216—
On Behalf of Plaintiffs and Collective Action Against All Defendants)

34.     Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

35.     At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards Act defined employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).   At all times herein, Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiffs and members of the Collective Action.

36.     Defendants, by not paying Plaintiffs and the members of the Collective Action the wages due and owing to them, when due, have violated the Fair Labor Standards Act, 29 U.S.C. § 206, by failing to provide at least minimum wages to Plaintiffs and members of the Collective Action.

37.     Under 29 U.S.C. § 216(b), Plaintiffs are entitled to recover minimum wages and/or overtime, liquidated damages, attorneys' fees and costs, all according to proof. Putative Collective-Action Members are entitled to be paid liquidated damages in an amount according to proof, at least $289 each in liquidated damages.  Plaintiff and putative Collective-Action Members are entitled to attorneys' fees and costs, in accordance with 29 U.S.C. § 216 (b).

WHEREFORE, Plaintiffs pray judgment as follows:

1.     That this Court certify the proposed Collective Action.

2.     That, under the First Claim for Relief, the Court enter judgment in favor of Plaintiffs against the Corporate Defendants. That judgment be entered in favor of Plaintiffs in the amount of $50.00 each, or according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e), in an amount estimated to total approximately $3,800.

3.     That, under the Second Claim for Relief, this Court enter judgment in favor

of Plaintiffs and against the Corporate Defendants for their improperly paid wages, liquidated damages, attorneys' fees and costs, according to proof pursuant to sections 1194 and 1194.2, in an amount estimated to total approximately $7,400.

4.      That, under the Third Claim for Relief, this Court enter judgment in favor of Plaintiffs and the members of the Collective Action and against all Defendants in the amount of their improperly paid minimum wages and/or overtime wages, liquidated damages, according to proof, costs, and attorneys' fees, in accordance with 29 U.S.C. § 216(b), in an amount approximated to total $100,000.

5.      For such other and further relief as this Court may deem fit and proper. Plaintiff demands trial by jury as to all causes of action.

DATED: August 5, 2013                                HARRIS & RUBLE

Alan Harris
*Attorney for Plaintiffs*

Alan Harris (SBN 146079)
6424 Santa Monica Boulevard
Los Angeles, CA 90038
Tel: 323.962.3777; Fax: 323.962.3004
Email: harrisa@harrisandruble.com

COPY

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| Jim Odin, Kevin Coppin, and John Cook, individually and on behalf of all others similarly situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV13-05768-mmm(Ex) |
| v. | |
| Sebastian Pardo, Sammy Bandini Films, LLC a California Limited Liability Company, Rabbit Bandini Films, LLC, and Does 1 to 10 inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO:      DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Alan Harris of Harris & Ruble_____, whose address is _6424 Santa Monica Blvd. Los Angeles, CA 90038_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___AUG – 8 2013_____

By: _____
MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Margaret M. Morrow _____ and the assigned Magistrate Judge is _____ Charles F. Eick _____ .

The case number on all documents filed with the Court should read as follows:

### 2:13-CV-5768-MMM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 8, 2013

Date

By  MDAVIS

Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| ☐ Western Division | ☐ Southern Division | ☐ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

JIM ODIN, KEVIN COPPIN and JOHN COOK, individually and on behalf of all others similarly situated,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SEBASTIAN PARDO, SAMMY BANDINI FILMS, LLC, a California Limited Liability Company, RABBIT BANDINI FILMS, LLC, a California Limited Liability Company, and Does 1 to 10

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Alan Harris (SBN 146079), HARRIS & RUBLE, 6424 Santa Monica Boulevard, Los Angeles, CA 90038 Tel: 323.962.3777 Fax: 323.962.3004,
E-mail: harrisa@harrisandruble.com

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 216 (b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-05768

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)          CIVIL COVER SHEET          Page 1 of 2

4